DISABLED AMERICAN VETERANS CHAPTER NO. 2,
Plaintiff, v. O'NEILL, et al., Defendants.

Common Pleas Court, Mahoning County.

No. 117205. Decided July 6, 1944.*

Morgan, Powers & Cooper, Youngstown, for plaintiff.
John W. Powers, law director, and I. Freeman, assistant law director, Youngstown, for defendants.

## OPINION

By JENKINS, J.

Plaintiff filed its petition in equity alleging it is an incorporated organizaton not for profit which in its club rooms has for some years conducted a "bingo" game at which the general public was invited to and did participate; that plaintiff has turned over and intends to turn over to charity and charitable organizations all moneys received from its "bingo" game and that the same is not operated for the profit of the plaintiff or any of its members.

The petition further alleges that the defendants are the Mayor and Chief of Police of the City of Youngstown in which said club is located; that in force in this city since February, 1942, is Ordinance No. 44472, supplemental to Ordinance No. 29507, which makes it a misdemeanor for anyone to conduct, carry on, or promote a lottery or scheme of chance, by whatever name, style or title denominated or

*No appeal taken.

known; that on June 22, 1943, an amendment to §13064 of Ohio became a law of this state providing among other things as follows:

"Whoever, **for his own profit**, establishes, opens, sets on foot, carries on, promotes, makes, draws or acts as 'backer' or 'vendor' for or on account of any lottery or scheme of chance, etc. * * * *"

The petition further states that on June 21, 1944, "while the plaintiff was operating with a large number of patrons present", the defendants arrested a member of the plaintiff's organization who was a participant in the operation of the game of "bingo", and that the defendants have threatened to and will unless restrained continue to arrest plaintiff's members for alleged violation of said ordinance. It prays that the said ordinance be declared void and the defendants be enjoined from enforcing the same.

The facts are admitted to be as alleged in the petition.

Upon consideration the court is of the opinion that **Sec. 13064 GC** as amended in 1943, which limits the prohibition of a lottery or scheme of chance (and the game of "bingo" comes within the category of lottery) to the person who carries it on or promotes it "for his own profit", is in conflict with **Section 6, Article XV, of the Constitution of Ohio** which provides that "Lotteries and the sale of lottery tickets **for any purpose whatsoever** shall forever be prohibited in this state", and is therefore unconstitutional and void insofar as it purports by the words "for his own profit" to except from the prohibition and penalties of said section one who carries on a lottery or scheme of chance not for his own profit.

The court is therefore of the opinion that Ordinances Nos. 44472 and 29507, known as Sections 177 to 189 of the revised ordinances of the City of Youngstown, Ohio, are valid and not in conflict with the operative provisions of §13064 GC.

Under the decision of the Supreme Court in **Troy Amusement Co. v Attenweiler, 137 Oh St 460**, the equitable jurisdiction of this court can not be invoked to restrain the enforcement of a constitutional and valid ordinance.

It is therefore ordered, adjudged and decreed that plaintiff's prayer for injunction be and hereby is denied, that plaintiff's petition be dismissed and that defendants recover from plaintiff the costs taxed herein. Exceptions allowed.